UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| NICHOLAS J. EMHT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 4:13CV1651 HEA |
| | ) | |
| CAROLYN W. COLVIN | ) | |
| Commissioner of Social | ) | |
| Security Administration, | ) | |
| | ) | |
| Defendant. | ) | |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff's request for judicial review under

28 U.S.C. § 405(g) of the final decision of Defendant denying Plaintiff's

applications for Disability Insurance Benefits (DIB) under Title II of the Social

Security Act, 42 U.S.C. §§ 401, *et seq.* For the reasons set forth below, the Court

affirms the Commissioner's denial of Plaintiff's applications.

### Facts and Background

Plaintiff appeared for the hearing on January 28, 2013, which related to a

limited period of between March 1, 2003 through October 2, 2008. Plaintiff

applied for benefits on June 22, 2006. An ALJ issued a final decision denying his

claim on January 19, 2008, but the Appeals Council remanded the decision for

further evaluation. A different ALJ issued a new decision on Plaintiff's claim on

January 5, 2011, finding him disabled as of October 2, 2008, but not before. The matter was on remand from the appeals council here. Plaintiff was 68 years old at the time of this hearing. At the time he protectively filed for benefits on June 22, 2006, he was 62 years of age. Here the ALJ found Plaintiff had the severe impairment of Parkinson's disease (20 CFR 404.1520 (c) ). At the January 28, 2013 hearing, Plaintiff testified that he had a twelfth grade education as well as training as an electrician. Plaintiff also had training as an operating supervisor in a power plant. He worked at McDonnell Douglas/Boeing and at Ameren. Plaintiff also testified that he experienced continuous tremors since 1991 and that they prevented him from typing and operating a computer well. He said that his feet would "freeze" and he experienced hesitation upon taking steps. He stated he could only walk a block without a break and experienced falls because of balance problems. He testified he dropped things and had difficulty with buttons and zippers. He said he also experienced fatigue requiring him to nap every day. He admitted that during the relevant period, he was cooking, managing money, shopping, cleaning, doing laundry, and driving.

A vocational expert testified at the hearing. In response to the hypothetical question of an individual who is 68 years old, the vocational expert testified that a hypothetical claimant with Plaintiff's work experience and limitations could perform Plaintiff's past work as an operations supervisor. The vocational expert

further noted that Plaintiff would be limited to occasionally handling precision instruments, and under those circumstances Plaintiff could perform his past work as an operations supervisor and other jobs.  The VE also concluded upon inquiry that Plaintiff should avoid working at heights as well as avoid climbing ropes, ladders, and scaffolds.

Thereafter, on February 11, 2013, the ALJ entered her decision and findings denying the claim for benefits. Plaintiff requested review by the appeals council and review was denied on June 27, 2013. Thus, the decision of the ALJ stands as the final decision of the Commissioner.

**Standard For Determining Disability**

The Social Security Act defines as disabled a person who is "unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A); *see also Hurd v. Astrue*, 621 F.3d 734, 738 (8th Cir.2010). The impairment must be "of such severity that [the claimant] is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate

area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work." 42 U.S.C. § 1382c(a)(3)(B).

A five-step regulatory framework is used to determine whether an individual claimant qualifies for disability benefits. 20 C.F.R. §§ 404.1520(a), 416.920(a); see also *McCoy v. Astrue*, 648 F.3d 605, 611 (8th Cir.2011) (discussing the five-step process). At Step One, the ALJ determines whether the claimant is currently engaging in "substantial gainful activity"; if so, then he is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(I), 416.920(a)(4)(I); McCoy, 648 F.3d at 611. At Step Two, the ALJ determines whether the claimant has a severe impairment, which is "any impairment or combination of impairments which significantly limits [the claimant's] physical or mental ability to do basic work activities"; if the claimant does not have a severe impairment, he is not disabled. 20 C.F.R. §§ 404.1520(a) (4)(ii), 404.1520(c), 416.920(a)(4)(ii), 416.920(c); McCoy, 648 F.3d at 611. At Step Three, the ALJ evaluates whether the claimant's impairment meets or equals one of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 (the "listings"). 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii). If the claimant has such an impairment, the Commissioner will find the claimant disabled; if not, the ALJ proceeds with the rest of the five-step process. 20 C.F.R. §§ 404.1520(d), 416.920(d); *McCoy*, 648 F.3d at 611.

Prior to Step Four, the ALJ must assess the claimant's "residual functional capacity" ("RFC"), which is "the most a claimant can do despite [his] limitations." *Moore v. Astrue*, 572 F.3d 520, 523 (8th Cir.2009) (citing 20 C.F.R. § 404.1545 (a) (1)); see also 20 C.F.R. §§ 404.1520(e), 416.920(e). At Step Four, the ALJ determines whether the claimant can return to his past relevant work, by comparing the claimant's RFC with the physical and mental demands of the claimant's past relevant work. 20 C.F.R. §§ 404.1520(a) (4) (iv), 404.1520(f), 416.920(a) (4) (iv), 416.920(f); *McCoy*, 648 F.3d at 611. If the claimant can perform his past relevant work, he is not disabled; if the claimant cannot, the analysis proceeds to the next step. Id... At Step Five, the ALJ considers the claimant's RFC, age, education, and work experience to determine whether the claimant can make an adjustment to other work in the national economy; if the claimant cannot make an adjustment to other work, the claimant will be found disabled. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v); *McCoy*, 648 F.3d at 611.

Through Step Four, the burden remains with the claimant to prove that he is disabled. *Moore*, 572 F.3d at 523. At Step Five, the burden shifts to the Commissioner to establish that the claimant maintains the RFC to perform a significant number of jobs within the national economy. *Id.; Brock v. Astrue*, 674 F.3d 1062, 1064 (8th Cir.2012).

## ALJ Decision

The ALJ utilized the five-step analysis as required in these cases. Here the ALJ concluded that Plaintiff had not engaged in substantial gainful activity during the period of the alleged onset date of March 1, 2003 through his last insured date of September 30, 2010.  The ALJ found at Step Two that Plaintiff has the severe impairment of Parkinson's Disease pursuant to 20 CFR 404.1571 *et seq*.

At Step Three, the ALJ found that Plaintiff does not suffer from an impairment or combination of impairments of a severity that meets or medically equals the required severity of a listing as set out in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520 (d), 404.1525, 404.1526, 416.920 (d), 416.925 and 416.926).

As required, prior to Step Four, the ALJ determined, through the period October 1, 2008,  the Residual Functional Capacity of Plaintiff  to perform medium work as defined in 20 CFR 404.1567 (c) except Plaintiff must avoid climbing ropes, ladders, and scaffolds. Plaintiff is also limited to occasional use of hands for fine fingering and manipulation but can handle instruments/objects. He also must avoid working at heights.

At Step Four it was the finding of the ALJ that Plaintiff was able to perform past relevant work a supervisor of operations through October 1, 2008. The work

did not require performing work that was precluded by his residual functional capacity.

Finally Plaintiff was found to not be under a disability from March 1, 2003 through October 1, 2008 and therefore not entitled to any benefits.

## Standard For Judicial Review

The Court's role in reviewing the Commissioner's decision is to determine whether the decision "'complies with the relevant legal requirements and is supported by substantial evidence in the record as a whole.'" *Pate–Fires v. Astrue*, 564 F.3d 935, 942 (8th Cir.2009) (quoting *Ford v. Astrue*, 518 F.3d 979, 981 (8th Cir.2008)). "Substantial evidence is 'less than preponderance, but enough that a reasonable mind might accept it as adequate to support a conclusion.'" *Renstrom v. Astrue*, 680 F.3d 1057, 1063 (8th Cir.2012) (quoting *Moore v. Astrue*, 572 F.3d 520, 522 (8th Cir.2009)). In determining whether substantial evidence supports the Commissioner's decision, the Court considers both evidence that supports that decision and evidence that detracts from that decision. *Id*. However, the court "'do[es] not reweigh the evidence presented to the ALJ, and [it] defer[s] to the ALJ's determinations regarding the credibility of testimony, as long as those determinations are supported by good reasons and substantial evidence.'" Id. (quoting *Gonzales v. Barnhart*, 465 F.3d 890, 894 (8th Cir.2006)). "If, after reviewing the record, the court finds it is possible to draw two inconsistent

positions from the evidence and one of those positions represents the ALJ's

findings, the court must affirm the ALJ's decision.'" *Partee v. Astrue*, 638 F.3d

860, 863 (8th Cir.2011) (quoting *Goff v. Barnhart*, 421 F.3d 785, 789 (8th

Cir.2005)).  The Court should disturb the administrative decision only if it falls

outside the available "zone of choice" of conclusions that a reasonable fact finder

could have reached.  *Hacker v. Barnhart*, 459 F.3d 934, 936 (8th Cir.2006).

## Discussion

Plaintiff asserts the following as a basis to remand the decision of the ALJ.

First he asserts the finding of RFC by the ALJ is not supported by substantial

evidence. Plaintiff argues the manner in which the ALJ weighed the medical

opinions and supported the RFC findings are inconsistent with the requirements of

the law. Secondly, Plaintiff complains that the ALJ improperly found Plaintiff

could perform his past relevant work as an operations supervisor. On this point

plaintiff in essence asserts the ALJ decision does not mirror the conclusion set

forth by the vocational expert.

**The ALJ's RFC Findings is Supported by Substantial Evidence**

A claimant's RFC is the most an individual can do despite the combined effects

of all of his or her credible limitations. *See* 20 C.F.R. § 404.1545.  An ALJ's RFC

finding is based on all of the record evidence, including the claimant's testimony

regarding symptoms and limitations, the claimant's medical treatment records, and

the medical opinion evidence. *See Wildman v. Astrue*, 596 F.3d 959, 969 (8th

Cir.2010); *see also* 20 C.F.R. § 404.1545; Social Security Ruling (SSR) 96–8p.

An ALJ may discredit a claimant's subjective allegations of disabling symptoms to

the extent they are inconsistent with the overall record as a whole, including: the

objective medical evidence and medical opinion evidence; the claimant's daily

activities; the duration, frequency, and intensity of pain; dosage, effectiveness, and

side effects of medications and medical treatment; and the claimant's self-imposed

restrictions. *See Polaski v. Heckler*, 739 F.2d 1320, 1322 (8th Cir.1984); 20 C.F.R.

§ 404.1529; SSR 96–7p.

A claimant's subjective complaints may not be disregarded solely because

the objective medical evidence does not fully support them.  The absence of

objective medical evidence is just one factor to be considered in evaluating the

claimant's credibility and complaints. The ALJ must fully consider all of the

evidence presented relating to subjective complaints, including the claimant's prior

work record, and observations by third parties and treating and examining

physicians relating to such matters as:

(1) the claimant's daily activities;

(2) the subjective evidence of the duration, frequency, and intensity of the

claimant's pain;

(3) any precipitating or aggravating factors;

(4) the dosage, effectiveness, and side effects of any medication; and

(5) the claimant's functional restrictions.

The ALJ must make express credibility determinations and set forth the inconsistencies in the record which cause him to reject the claimant's complaints. *Guilliams v. Barnhart*, 393 F.3d 798, 802 (8th Cir.2005). "It is not enough that the record contains inconsistencies; the ALJ must specifically demonstrate that he considered all of the evidence." *Id*. The ALJ, however, "need not explicitly discuss each *Polaski* factor." *Strongson v. Barnhart*, 361 F.3d 1066, 1072 (8th Cir.2004). The ALJ need only acknowledge and consider those factors. *Id*. Although credibility determinations are primarily for the ALJ and not the court, the ALJ's credibility assessment must be based on substantial evidence. *Rautio v. Bowen*, 862 F.2d 176, 179 (8th Cir.1988). The burden of persuasion to prove disability and demonstrate RFC remains on the claimant. *See Steed v. Astrue*, 524 F.3d 872, 876 (8th Cir. 2008).

Here, the ALJ considered the credibility of Plaintiff's alleged limitations. She found Plaintiff's claims of disabling limitations prior to October 2008 to be less than fully credible for several reasons, a finding Plaintiff does not contest (Tr. 25-26). See 20 C.F.R. § 404.1529 ("In determining whether you are disabled, we consider all your symptoms, including pain, and the extent to which your symptoms can reasonably be accepted as consistent with the objective medical

evidence and other evidence."). Despite his claims of difficulties with his hands and feet, the ALJ found that Plaintiff, through his own testimony, could drive and walk his dog during the relevant period (Tr. 26, 64-65, 73-74). An ALJ may consider the nature of a claimant's activities when evaluating a claimant's credibility. *See Steed v. Astrue*, 524 F.3d 872, 876 (8th Cir. 2008).

Plaintiff stated to Dr. Rengachary in 2008 that problems with his gait were of recent origin in relation to his visit to Dr. Rengachary. At his hearing he testified that he would freeze and has had difficulty walking since 2003. He actually stated that he could walk well and denied falling and freezing throughout the relevant period. Such statements are inherently inconsistent. An ALJ may discount testimony that is inconsistent with the medical record. *See Gonzales v. Barnhart*, 465 F.3d 890, 895 (8th Cir. 2006). Plaintiff complained of difficulty with his hands, but the ALJ pointed out that Plaintiff told his doctors that his tremors were fairly well controlled and at other times during the relevant period, Plaintiff reported only occasional tremors.

If an impairment can be controlled by treatment or medication, it cannot be considered disabling. *See Collins ex. rel. Williams v. Barnhart*, 335 F.3d 726, 729-30 (8th Cir. 2008); 20 C.F.R. § 404.1529(c)(3)(iv)-(v). The ALJ considered Plaintiff's testimony that his medications helped resolve his symptoms. Plaintiff repeatedly told his doctors that his medications helped significantly with his

symptoms and he admitted on one occasion the medications stopped his tremors (Tr. 405, 408, 410, 535).

The ALJ noted it to be significant Plaintiff's employment ended in 2003 because of his retirement, rather than his impairments, and Plaintiff did not apply for disability benefits for several years after his alleged onset date (Tr. 26, 267, 346). *See Goff v. Barnhart*, 421 F.3d 785, 792 (8th Cir. 2005) ("Courts have found it relevant to credibility when a claimant leaves work for reasons other than her medical condition.")

The ALJ even considered the illumination on the issues provided by Plaintiff's own treating neurologist, Dr. Weiss. This physician opined Plaintiff could lift and carry more than 50 pounds occasionally and 20 pounds frequently (Tr. 394). He also opined Plaintiff had no limitation in his ability to sit and that Plaintiff could stand or walk for a total of four hours in an eight-hour workday (Tr. 393). The ALJ stated she gave controlling weight to portions of Dr. Weiss's opinion because he was a treating source and portions of his opinion were consistent with the medical evidence (Tr. 25). The ALJ explained that she did not adopt all of Dr. Weiss's opinion for several reasons. She specifically found that portions of his opinion were vague and not definitive. She also found portions to be unsupported by other evidence in the record and the fact that Plaintiff did not require a cane or other assistive walking device.

The ALJ gave "good reasons" when discounting a treating source opinion and is not required to discuss all of the factors for evaluating medical source opinions. *See* 20 C.F.R. § 404.1527(d)(2). "'[A]n appropriate finding of inconsistency with other evidence alone is sufficient to discount' a treating physician's RFC." *Davidson v. Astrue*, 501 F.3d 987, 991 (8th Cir. 2007) (quoting *Goff v. Barnhart*, 421 F.3d 785, 790-91 (8th Cir. 2005). The ALJ discounted some of the opinions as they were not supported by Dr. Weis's own treatment notes. An inconsistency between a treating source's opinion and his own treatment notes weakens the reliability of his opinion. *See Raney v. Barnhart*, 396 F.3d 1007, 1010 (8th Cir. 2005). In addition, Dr. Weiss's opinion was inconsistent with Dr. Perlmutter's finding that Plaintiff's Parkinson's disease was only stage two, which generally entails only mild symptoms without balance impairment.

An ALJ may also discount an opinion because of internal inconsistencies. *See e.g. Perks v. Astrue*, 687 F.3d 1086 (8th Cir. 2012). The ALJ here found Dr. Weiss's opinion that Plaintiff had a limited ability to balance on even level terrain to be inconsistent with his opinion that Plaintiff did not need to use a cane or other assistive device. These reasons were "good reasons" for giving less weight to portions of Dr. Weiss's opinion. The ALJ also explained that she was discounting portions of Dr. Weiss's opinions because they were inconsistent with his own treating notes, and she specifically pointed out Dr. Weiss's finding that Plaintiff

had a steady gait and that Plaintiff's tremor was only mild except for on one occasion when it was "mild to moderate". The ALJ pointed out that Dr. Perlmutter found Plaintiff's Parkinson's to be stage two, which coincided with only mild symptoms and no balance impairment. This evidence is inconsistent with Dr. Weiss's opinion that Plaintiff's standing and walking were limited and that he could only occasionally reach overhead.

Regarding a function-by-function evaluation, an ALJ is not required to "mechanically list and reject every possible limitation." *McCoy v. Astrue*, 648 F.3d 605, 615 (8th Cir. 2011). The ALJ finding that Plaintiff could perform "medium work" was equivalent to finding that Plaintiff could perform each of the various demands of medium work as set out in the Social Security rules and regulations. To perform the full range of medium work, an employee must be able to frequently lift 25 pounds and occasionally lift 50 pounds; stand, and walk "off and on" for 6 hours in an 8-hour workday, and sit whenever not standing or walking. SSR 83-10. In finding Plaintiff could perform medium exertion work, the ALJ effectively found that Plaintiff had no significant standing, walking, or sitting limitations. This was consistent with the analysis of the evidence in which she noted Plaintiff's gait and balance were not significantly limited. The ALJ, therefore,  properly considered Plaintiff's ability to perform the functional demands of work and

without question substantial evidence in the record supports the ALJ's RFC finding.

**Finding Plaintiff Could Perform His Past Relevant Work as an Operations Supervisor was Proper**

In order to determine whether a claimant can perform his past relevant work, the ALJ must compare the claimant's RFC with the demands of his prior work. The ALJ may consult a vocational expert to aid in this determination. *See Lewis v. Barnhart*, 353 F.3d 642, 648 (8th Cir. 2003). The ALJ must find the claimant "not disabled" if the claimant can perform any of his past relevant work.

The ALJ questioned a vocational expert about a hypothetical claimant with Plaintiff's RFC. The vocational expert testified that a hypothetical claimant with Plaintiff's work experience and limitations could perform Plaintiff's past work as an operations supervisor. Since Plaintiff's limitations would not prevent him from performing the job of operations supervisor, the ALJ found that he could perform his past relevant work and was not disabled at step four. It is true, however, that the RFC listed in the ALJ's decision is not a mirror image of the one posed to the vocational expert but it is simply a drafting error which, considered in light of all of the testimony and inquiry, is resolved in favor of the correctness of the decision of the ALJ within the parameters of the law. Clearly, the ALJ intended the use of the terms consistent with the conclusion of the vocational expert. The conclusions

and findings of the ALJ are supported by substantial evidence on the record and will not be disturbed.

After careful review, the Court finds the ALJ's decision is supported by substantial evidence on the record as a whole.  The decision will be affirmed.

Accordingly,

**IT IS HEREBY ORDERED** that the decision of the Commissioner of Social Security is affirmed.

A separate judgment in accordance with this Opinion, Memorandum and Order is entered this same date.

Dated this 15th day of May, 2014.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE